## Hensley, et al v. The Wasiota & Black Mountain Railroad Company.

(Decided March 19, 1913.)

### Appeal from Harlan Circuit Court.

1. **Fraud—Ground for Reversing Award by Chancellor.**—Fraud or palpable mistake as to the law or facts is the only ground for reversing an award by a chancellor.

2. **Arbitration and Award—Where Award Closed Question of Damages.**—Where the parties to a condemnation proceeding agreed of record to refer the question of damages to arbitrators whose award should be treated and entered in the county court as the verdict of a jury, their award closed the question of damages, unless it be successfully attacked by an exception going to its validity.

3. **Arbitration and Award—Judgment of County Court Upon Award—Appeal From—Dismissal.**—Where an appeal was taken from the judgment of the county court in such a case, there was, in the absence of exceptions to the award, no issue for the circuit judge to try; and his order dismissing the appeal was proper.

ACREE & STEWART for appellants.

WILLIAM LOW and BENJAMIN D. WARFIELD for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On October 19, 1911, the appellee railroad company filed its petition in the Harlan county court to condemn a strip of land 100 feet in width by 335 feet in length, and located on Clover Fork, near the town of Harlan, for its rights of way. The county court appointed three commissioners to assess the damages, and they filed their report fixing the damages at $400.00, and giving the names of the owners of the land. Process issued upon the report, and was executed upon the claimants of the land. Subsequently, other claimants intervened and were made parties. Exceptions were filed to the report of the com-

missioners by both plaintiffs and defendants; and pleadings were also filed by the defendants as between themselves, there being a controversy as to their respective interests in the land sought to be condemned.

In view of the fact that some of the claimants were infants, the litigation as between the claimants promised to be extended; but, as the question between the railroad company, on the one hand, and the land owners on the other, was simply the amount which the company should pay for the land, all the claimants, except the infant claimants (who, having no statutory guardian to agree for them could not enter into the agreement) signed an agreement by which arbitrators were selected to assess the damages, their award to be binding upon the parties and entered in the county court as the verdict of a jury. The arbitrators filed their award on December 4, 1911, fixing the value of the land taken at $500.00. No exceptions were filed to this award, and two days later the court, having heard evidence as to the value of the interests of the infant defendants, and finding the award to be fair and just as to them, adjudged $500.00 to be the value of the whole tract, and entered a formal judgment of condemnation, whereupon the railroad company paid said sum, together with the costs of the case, into court. The judgment further directed the $500.00 to be held by the clerk until the rights of the several claimants could be determined. To that judgment four of the adult claimants excepted, and prayed an appeal to the circuit court. The appeal was filed in the circuit court on December 7, 1911, and when it was called on the third day of the March term, 1912, it was passed to the 20th day of that term for trial. When the case was again called for trial on April 17th, the plaintiff moved the court to dismiss defendants' appeal; and defendants having objected to the motion, it was submitted, and the case continued to the September term. The case was again called on September 4, 1912, and passed to September 18th for trial; and when it was finally called for trial on the last named date, the plaintiff again moved the court to dismiss the appeal; and the circuit court having sustained that motion and dismissed the appeal, the defendants, Hensley, Jones and Pope, prosecute this appeal.

The only question presented upon this appeal relates to the propriety of the circuit judge dismissing the appeal from the judgment of the county court.

Section 69 of the Kentucky Statutes provides that an agreement of submission to arbitration shall be binding on the parties thereto, if it states the matter submitted, and who are to be the arbitrators; section 72 provides the award shall be a final settlement of the controversy between the parties; while section 73 provides that courts of equity shall have power over awards upon equitable principles. See, also, Civil Code, section 451.

The arbitration agreement satisfied the statute as to form, and following the statute it expressly provided that the award should be entered as the judgment of the court, and should be binding upon the parties. The award closed the question of damages, unless it was successfully attacked by an exception going to its validity. But no exception was filed to the award in either court.

In Payne v. Payne, 8 Ky. L. R., 591, the agreement to arbitrate was similar to the one before us in that it provided that the award should be made the judgment of the court. In upholding the award, this court said:

"The power of the chancellor to determine the equitable rights of the parties has been taken from him, and a statutory reference agreed upon, and now this court is asked to reverse the judgment below, for no other reason than that the weight of the evidence on many of the issues is with the plaintiff. The award, it is true, by the entry of record was to be made the judgment of the court, and so of every statutory award made between parties; and although an appeal is allowed in this case, this court will not disturb a judgment that was not rendered by the chancellor. The right is reserved to the courts to set aside an award upon equitable principles, as if no statute in regard to awards had been enacted. Fraud or palpable mistake as to the law or facts is the only ground for reversing an award by the chancellor. Exceptions may be taken to an award made under the statute, for the reason the statute has not been followed."

The case at bar was appealable under the express provisions of sections 839 and 840 of the statutes. Big Sandy Co. v. Dils, 120 Ky., 563. But the question of damages had been determined by the agreement, and, therefore, the chancellor had no right to try that question. So when the case at bar was called for trial in the circuit court, without any exceptions having been taken to the award, there was no issue for that court to try. The regularity of the award stood confessed. No complaint was

made below and none is made here that appellants were denied sufficient time to present exceptions, or that time for that purpose was ever asked.

Judgment affirmed.