## Cole v. Young.

(Decided January 7, 1916.)

### Appeal from Marshall Circuit Court.

1.  Cancellation of Instruments—Authority of Court of Equity.—The cancellation of an executed contract is an exertion of the most extraordinary power of a court of equity which ought not to be exercised except in a clear case, and never for an alleged fraud, unless the fraud be made clearly to appear.

2.  Fraud—What Must Appear to Establish Fraud—Equitable Relief.—In order to establish fraud against which equity will relieve, it must appear, among other things, not only that the misrepresen-

tation was relied upon by the plaintiff, but that he was thereby prejudiced.

3. Cancellation of Instruments—Action to Cancel Negotiable Instrument.—It is a general rule, sustained by a preponderance of authority, that a suit will not be sustained to cancel a non-negotiable instrument, to which a defense may be made in an action at law thereon, unless some substantial reason is assigned showing that the defense at law is an insufficient protection.

SHEMWELL & REEDER and E. L. COOPER for appellant.

JOHN G. LOVETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—
Reversing.

The appellee, Charles Young, listed his farm with the appellant, Charles Cole, a real estate agent at Benton, for sale. On August 23, 1913, Cole took Davis to the farm, and they remained there most of the day examining the farm and discussing terms of sale. Young and Davis finally traded, and Davis bought Young's farm for $5,000.00. Davis had sold a farm to Adus Cox and held Cox's two promissory lien notes for $1,000.00 each, payable April 1, 1914, and March 1, 1919, respectively.

It was agreed between Young and Davis that Young should accept the two Cox notes as a cash payment of $2,000.00 and that Davis should execute his own promissory lien notes for the remaining $3,000.00 of the purchase money. In the afternoon of the same day Young and Cole went to Benton in Cole's automobile to get Young's deed for use in writing the deed to Davis, and also to enable Young to consult Solan Palmer, a bank cashier, about the Cox notes, and have him make an endorsement thereon that would protect Young. Young carried one of the Cox notes with him and exhibited it to Palmer. Palmer wrote an assignment on the note and Young and Cole returned to the farm, where the sale was completed by Cole, who was a deputy county court clerk, writing the deed and taking the acknowledgments of Young and his wife. Davis assigned the Cox notes to Young, and executed his own lien notes for the remainder of the purchase money, and Young delivered the deed to Davis.

About the same time Young executed his note to Cole for his fee of $250.00, payable April 1, 1914. In less than one week thereafter Young filed this action against

Cole seeking the cancellation of the note for $250.00 upon the ground that it had been obtained by fraud.

The acts of fraud set forth in the petition are, (1) that Cole falsely represented to Young "that Cox was perfectly good and solvent under the laws of Kentucky," and (2) that under the agreement of sale between Young and Davis, if either of Davis' notes was not paid at maturity, all of his unpaid notes should become due; and that Cole, in writing the deed, had fraudulently omitted the clause of precipitancy, and had read the deed to Young and his wife before they executed it, as if it contained a clause of precipitancy. Cole traversed both allegations and testified, asserting his good faith throughout the transaction. The chancellor cancelled the note, and Cole has prayed an appeal.

Young, Davis and Cole are the only witnesses.

The cancellation of an executed contract is an exertion of the most extraordinary power of a court of equity which ought not to be exercised except in a clear case, and never for an alleged fraud, unless the fraud be made clearly to appear. 6 Cyc., 336; Culton v. Asher, 149 Ky., 659.

The proof shows that within a very few days after the sale and upon discovery of the alleged fraudulent acts complained of, Young and Davis rescinded the contract of sale by Davis returning the deed to Young, and Young surrendering the notes to Davis. Young burned the deed before he testified; and, although Davis had one of the Cox notes in his possession when he testified, he refused to file it or to read it into the record.

We have only parol testimony as to the contents of the deed, the Cox notes, and the Davis notes. And although Davis corroborated Young in his claim that the clause of precipitancy was agreed upon, and as to Cole's assertion that Cox was solvent, he says he has always been, and is now, ready and willing to correct the deed so as to make it conform to what Young claims was the contract.

As to the charge that Cole falsely represented that Cox was solvent, Young testified that when he went to Benton on the day the sale was made he intended to ask Palmer about Cox's solvency, but by mistake he asked about Davis' solvency, and that Palmer told him Davis was solvent. Evidently, Young did not rely upon anything that Cole told him concerning Cox's solvency.

Furthermore, in view of the fact that no question is made as to the solvency of Davis, the endorser of the Cox notes, or as to the value of the Cox notes, we fail to see how the insolvency of Cox prejudiced Young.

Again, there is no direct allegation in the petition that Cox was insolvent; and it is nowhere stated that the note for $250.00 which plaintiff gave and now seeks to cancel, was a negotiable note.

"As a general rule, sustained by a preponderance of authority, a suit will not be sustained to cancel a non-negotiable instrument, to which a defense may be made in an action at law thereon, unless some substantial reason is assigned showing that the defense at law is an insufficient protection." 6 Cyc., 292.

There is no reason shown for taking this case out of the general rule.

Moreover, it is elementary that in order to establish fraud against which equity will relieve it must appear, among other things, not only that the misrepresentation was relied upon, but that the plaintiff was thereby injured. Neither of these essential elements exists here. Cole found a purchaser in Davis; and as Davis is willing to correct the deed to satisfy Young's contention, Cole is entitled to his fee.

The appeal is granted, and the judgment of the circuit court is reversed with instructions to set it aside and dismiss the petition, with costs.