## Brown v. Slaton.

(Decided December 15, 1916.)

### Appeal from Muhlenberg Circuit Court.

1. Fraud—Pleading—Sufficiency.—Where fraud is relied on as a ground of action or defense, the petition or answer alleging the fraud is good if it sets forth facts showing the fraud, though it be not directly alleged that the acts complained of were fraudulent, nor the term fraud used in the pleading.

2. Cancellation of Instruments—Pleading—Sufficiency.—In an action in equity to cancel a deed on the ground of fraud practiced upon the grantor by the grantee in procuring it, where the petition alleges facts sufficient to show that the grantee stood in a confidential relation to the grantor, who was old, ignorant and infirm, and by reason of such relation obtained of her an unconscionable advantage, such petition states a cause of action and the burden is upon the grantee to show that the deed was understandingly executed by the grantor.

3. Deeds—Inadequacy of Price—Fraud.—Where the consideration recited in a deed consists of $25.00 in cash, the burial expenses of the grantor and a tombstone over her grave, and the value of the land conveyed is alleged to be $1,000.00, the deed also conveying household goods, notes and jewelry of some value, the evident gross inadequacy of the consideration will be regarded as a badge of fraud, facts being also alleged to show that the grantee stood in a confidential relation to the grantor.

4. Cancellation of Instruments—Pleading—Sufficiency.—In an action in equity to cancel a deed on the ground of fraud practiced on the grantor by the grantee in procuring it, held, that the averments of the petition as amended presented a state of facts manifesting the fraud and undue influence on the part of the grantee in procuring the deed, hence a demurrer to the petition should have been overruled.

C. A. DENNY for appellant.

HOWARD & GRAY for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

In this equitable action, instituted in April, 1915, by the appellant, Eliza A. Brown, against the appellee, T. J. Slaton, in the Muhlenberg circuit court, the former sought the cancellation of a deed executed by her to the latter, October 25, 1909. Appellee filed a general demurrer to the petition which the circuit court sustained, following which appellant filed an amended petition, and appellee insisting upon his demurrer to the petition as amended, the same was again sustained and the action dismissed. Appellant complains of the judgment manifesting these several rulings, hence this appeal.

As all the relevant facts alleged in the petition as amended are admitted by the demurrer, it becomes necessary to determine whether the petition, as amended, states a cause of action, and this is the only question presented by the appeal for our decision.

The facts alleged are, in substance, that appellant is and was on October 25, 1909, an aged, illiterate widow, in poor health physically, residing alone on a small farm of fifty-seven acres near the city of Greenville, to which she had by purchase and deed of May 29, 1901, acquired title; her only personal estate consisting of a few articles of furniture used by her in her housekeeping and some jewelry; that the appellee, T. J. Slaton, is a doctor of medicine of much prominence residing in the city of Greenville and was on October 25, 1909, and for many years prior thereto the family physician of the appellant, to whom she looked for advice in all matters pertaining to her physical and financial welfare and in whose integrity she had implicit confidence; that on October 25, 1909, she was indebted to the appellee, Slaton, in the sum of $25.00 for medical services, in payment of which to appellee, and in consideration of his promise to give her a decent burial at her death, erect a suitable monument at her grave, furnish her such future medical attention as she might need and give her advice and assistance in all matters required by her, she, at his earnest solicitation, consented to convey him a remainder interest in and to the tract of land of fifty-seven acres upon which she resided, but to retain a life estate therein and possession and control thereof until her death; that appellee had the deed prepared and brought it to her, representing that it evidenced the contract as agreed upon by them, but that instead of the deed's conveying to him only a remainder interest in the land, as agreed by her and understood

by him, it conveyed him the absolute or fee simple title to the whole thereof, except two acres, including the residence, to which, it provided, she was to retain a life estate with remainder to him at her death; that the deed also conveyed to appellee at her death all of her household goods, notes and jewelry, which were then and now reasonably worth ........................... dollars, and the land, $1,000.00; that when the deed was brought to her by appellee she executed it without actual knowledge of its contents, reading it or hearing it read, relying upon his representation that it expressed the contract actually made between them.

The amended petition concludes with the following averments:

"She further states that she is an uneducated woman; that she cannot even write her name, and that the deed sought to be cancelled herein was signed by her mark; that she had and still has no idea of business or how to transact same and that the defendant well knew these facts at the time he procured her to sign said deed; that it was an easy matter to, and that he did, take advantage of her ignorance of business and overreached her and procured her to sign and acknowledge said deed, and had she known the contents of said deed and what it meant to her, she never would have signed same. She further states that defendant has at all times refused and now refuses to comply with his part of what the contract was, and by reason of all said facts said deed is void because of defendant's fraud in procuring same and for a want of a consideration and because of defendant's failure to comply with his contract and agreement."

The deed in question, which was filed with and made a part of the petition properly identified, reads as follows:

"This Deed of Conveyance made and entered into this *office*, on the 25th day of October, 1909, by and between Eliza A. Brown, a widow, of Greenville, Muhlenberg County, Kentucky, party of the first part and Dr. T. J. Slaton, of Greenville, Muhlenberg County, Kentucky, party of the second part: Witnesseth, that for and in consideration of $25.00 in case and the further consideration that the party of the second part or his heirs shall give the first party a decent burial in the Greenville cemetery at her death, and erect at her grave a monument of moderate cost, the party of the first

part does this day bargain, sell and convey unto the party of the second part, the following described tract of land, situated about two miles southwest of Greenville, in Muhlenberg County, Kentucky and bounded as follows:

"Beginning at a white oak and dogwood on a branch, running thence 290 poles to two small red oaks and white oak; thence N. 20 E. 78 poles to two small white oaks near the corner of Pittman's fence, passing the corner to Hopkin's survey to a black oak, marked W.; thence S. 50 W. 36 poles to a white oak near the corner of Andrew Boggess's fence; thence W. 53 poles to a small oak, a white oak and two small sassafrasses; thence S. 20 W. to the beginning, containing 57 acres and being the same land conveyed to Eliza A. Brown from S. M. Dempsey and wife, Jennie R. Dempsey by deed dated May 29, 1901, and recorded in Deed Book 51, page 332, in the Muhlenberg County Court Clerk's Office.

"There is excepted and not conveyed of the above tract of land during the lifetime of said Eliza A. Brown, two acres of land on the East Side of said tract of land, together with a house now occupied by said Eliza Ann Brown, after which time said two acres of land and house to belong to said T. J. Slaton and his heirs.

"To Have and to Hold the above described land with all the appurtenances thereunto belonging unto the party of the second part, his heirs and assigns forever, with covenant of general warranty. (At the death of Eliza A. Brown all notes, jewelry and contents of home and all other property is to revert to the said T. J. Slaton and his heirs), warranty of title.

"Witness my hand this 25th day of October, 1909.

her

"ELIZA ANN X BROWN.

mark

"Attest: J. N. LYON."

We are not fully advised of the ground upon which the circuit court sustained appellant's demurrer to the petition as amended, but infer from the line of argument followed in the brief of his counsel that it was because the court was of opinion that the pleading consists mainly of conclusions of law and that the facts alleged do not constitute such fraud as would authorize the cancellation of the deed attacked by appellant. We do

not so understand the petition and amendment. It contains little by way of conclusion, either of law or fact, on 'the part of the pleader. It is true that the words *fraud* or *fraudulent* are not used in immediate connection with the acts of the appellee by which appellant claims to have been deceived and overreached, but the misrepresentations and deception alleged to have been .made and practiced by appellee in procuring from appellant the deed, are acts from which fraud will necessarily be presumed. The allegation of mere conclusions of law deduced by the pleader from facts not stated is forbidden by the Code, but the Code requires that the facts constituting the cause of action or the defense be. set out in the pleading, and it is also permissible under the Code to plead facts according to their legal effect. Indeed, the latter rule is necessary because essential to conciseness. In Newman's Pleading and Practice, section 208d, it is said:

"If the circumstances or constitutive facts be alleged, from which the court will necessarily presume the general or material fact to which the law must be applied, it will be sufficient without distinctly alleging such general or legal fact. As a judge has said: ''A bear well painted and drawn to life is yet the picture of a bear, although the painter may omit to write over it 'This is the bear.' Where the petition is so unskillfully drawn as not to expressly charge fraud, mistake, or usury, yet if the facts stated do nevertheless show either, and the proof will justify it, the court will grant relief.''

In Pryse v. McGuire, 81 Ky. 608, the defendant in his answer relied upon certain alleged representations made by the plaintiff, that he had a good and unencumbered title to the lands conveyed him by a deed which plaintiff made him, when in fact there was a thirty-five year lease on a part of the land, only two or three years of which had expired, which was unknown to the defendant and information of which was concealed from him by the plaintiff. The answer was made a counterclaim to the extent of the value of the land leased. To this answer a general demurrer was sustained by the court. On the appeal we held that the action of the lower court in sustaining the demurrer was error and in so holding said:

"It is suggested in argument that Pryse, by examining the county court records, could have discovered be-

fore he accepted the deed, the titles and lease described in his answer, and as he does not use the term fraud in reference to McGuire's representations, his answer is insufficient in law or equity as a defense. But as this court said in Young v. Hopkins and others (6 Mon., p. 23), 'It is a bad defense in the mouth of misrepresentation of facts to say that the vendee might have discovered these falsehoods by using due caution and diligence, and therefore he ought to be excused.' On the other idea that the word fraud, or its equivalent, is necessary to the charge of fraud, we are of a different opinion. For if the facts be true, as alleged, and they must be so treated on demurrer, and McGuire knew of their existence and made material statements to Pryse in conflict with them, which misled him, it is not necessary to denominate his acts as fraudulent, for the facts themselves constitute substantive fraud. Where the facts show fraud, the law will presume the animus."

It is apparent from all the averments of the petition, as amended, the truth of which is admitted by the demurrer, that they present a state of case manifesting fraud and undue influence on the part of appellee in procuring of appellant a deed which did not conform to the contract by which they had agreed the land should be conveyed by her to him; and further, that the fraud and undue influence practiced by appellee in its procurement consisted in his knowingly representing to her that it did conform to the contract, and by not reading it, concealing from her the fact that it did not do so, all of which he was enabled to accomplish by reason of her ignorance, poor health, isolation and dependent condition, and because of her trust and confidence in him growing out of the confidential relation he had long sustained to her as family physician, trusted friend and adviser. "The suppression of the truth is as vicious and disastrous as if the false representation had been made. In either case the motive is the same and the result should be similar, since it is the intention that constitutes the fraud." Ruffner, etc. v. Ridley, etc., 81 Ky. 165. As fraud vitiates whatever it touches, it is a well-recognized rule in equity that the perpetrator of the fraud shall derive no benefit from his fraud and that the victim of the fraud shall be protected against its consequences, which protection can be afforded either by a rescission of the contract or compensation for the resulting injury. It is also a well-known rule that

where there exists between two persons a relation of confidence and trust by which one exercises such influence over the judgment of the other as to subvert the latter's will and independence, a conveyance by the latter to the former will be set aside as fraudulent upon seasonable complaint. As found in various opinions of this court, the rule is thus stated:

"The law looks with suspicion upon the transfers of property by persons mentally or physically infirm to those having custody of them. Even when parties in good health stand in a confidential relation to each other, the burden is upon the stronger character, who procures an advantage, to show that the transaction was fair; and relief will be afforded in equity in all such transactions in which influence has been acquired and abused, in which confidence has been reposed and betrayed. Allore v. Jewel, 94 U. S. 512. The relief stands upon the general principle applying to all the varieties of relations in which domination may be exercised by one person over another." Miller v. Taylor, etc., 165 Ky. 463; King, etc. v. Burkhart, 167 Ky. 424; Williamson v. Lowe, 172 Ky. 80; Hoeb v. Maschinot, 140 Ky. 330; Smith v. Kay, H. L. Cas. 750; Tate v. Williamson, L. R. 8, Ch. 61.

According to the allegations of the petition, the confidential relation mentioned in the above rule existed in this case, and if by reason thereof and appellant's ignorance, appellee obtained of her the unconscionable advantage charged, the burden will be upon him to show that the deed was executed by appellant understandingly. This he may be well able to do, but it must be accomplished by the presentation of his defense by answer and the taking of proof upon the issues made thereby.

We deem it unnecessary to enter upon a discussion of the quetsion of failure of consideration, also alleged in the petition. It appears, however, from the appellant's own version of the contract, as set out in the petition, that a part of the consideration, viz.: the expense of her burial and the erection of a tombstone at her grave, cannot be paid or satisfied by appellee before her death; but if the land conveyed by the deed is worth $1,000.00, as alleged in the petition and admitted by the demurrer, and the household effects and jewelry have any considerable value, these things would seem to give sufficient ground for the complaint made in the petition,

that the consideration expressed in the deed procured by appellee is grossly inadequate; and it is a well-known rule of law that gross inadequacy of consideration, where the parties are not on equal terms, is regarded as a badge of fraud. Hunter v. Owens, 10 R. 651; McHarry v. Irvin, 85 Ky. 322.

On the record presented our duty goes no further than to decide whether the petition, as amended, states a cause of action, and being convinced that it does, it follows that the demurrer filed thereto by appellee should have been overruled. For the reasons indicated the judgment is. reversed and cause remanded, with directions to the circuit court to overrule the demurrer and for further proceedings consistent with the opinion.