### Dixon v. Johnson, et al.

(Decided March 4, 1924.)

### Appeal from Johnson Circuit Court.

1. Pleading—Matters of Avoidance Set up in Reply does Not Warrant Affirmative Relief.—While matters of avoidance of matters set up in an answer may be pleaded in a reply, affirmative relief cannot be had on such pleading.

2. Pleading—Written Agreement to Partition and Report of Commissioners Cannot be Set Aside where Attacked in Reply.—In partition, where answer is set up agreement for division of lands and report of commissioners, and the reply did not attempt to avoid the effect of the agreement and report, but made a direct attack thereon asking cancellation, the court could not grant the relief prayed for in the reply.

3. Partition—Award Cannot be Set Aside Except for Fraud or Mistake.—Where commissioners appointed by agreement to partition land kept within the matters of submission, an award could not be set aside except for fraud or palpable mistake.

4. Partition—Evidence Held Insufficient to Show Mistake in Division of Land.—In an action wherein an award of commissioners dividing land between joint owners was attacked, evidence held insufficient to show palpable mistake.

WHEELER & WHEELER for appellant.

HOWES & HOWES for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

George M. Johnson and C. M. Dixon were the joint owners of a tract of land, their interests being four-fifths and one-fifth respectively.

On the 9th day of March, 1917, the parties named, executed a written agreement whereby each was to select a commissioner, who, together with W. R. Richmond, county surveyor of Johnson county, after being duly sworn were to go upon the lands on the 3rd day of April, 1917, and divide same in proportion of four-fifths to one-fifth according to quantity, quality and value; and further agreeing, "After the division is made by the commissioners as above stipulated each of the parties were to agree to make to the other a good and sufficient deed conveying to him the portion allotted to him by said division."

In accordance with this agreement each of the parties selected a commissioner who, together with said Richmond, were duly sworn and, after going upon the land and inspecting it, made a division thereof as directed, and returned a report in writing, duly signed by all of the parties. Dixon tendered Johnson a deed conforming to the report, which he declined.

Johnson later filed suit in the Johnson circuit court asking a division of the lands, ignoring the above proceeding. Dixon filed answer pleading affirmatively the agreement and report in bar of the action. This was controverted of record, but pending the action Johnson died and the action was revived against his heirs at law, who filed reply alleging that by inadvertence or oversight or mistake the commissioners failed to divide the lands in accordance with the written agreement in that they gave to the plaintiff less and to the defendant more lands according to quantity, quality and value than their respective shares thereof. This pleading was later controverted of record.

Much proof was taken and on submission the court set aside and cancelled the report of division and appointed other commissioners to allot the lands in accordance with the prayer of the petition. They performed that duty and filed a report to which exceptions were taken and overruled. Plaintiff has appealed.

While matters in avoidance of claims set up in an answer may be pleaded in a reply, affirmative relief cannot be had on such pleading. There was no attempt to avoid the effect of the written agreement and report, but a direct attack thereon asking the cancellation of each instrument. Necessarily the court could not grant the relief sought unless they were set aside. We think this

could not properly be done in a reply, but as the lower court seems to have treated that pleading as if it were an amended petition it may be that the judgment should not be reversed on this account.

A more serious question is as to the propriety of the order cancelling those instruments. While not so termed they were really an agreement for arbitration and a regular award. The arbitrators kept within the matters of submission and under well known common law principles the award cannot be set aside except for fraud or palpable mistake. Hensley v. Wasiota & B. M. Ry. Co., 153 Ky. 17; Adams v. Ringo, 79 Ky. 211; Reager's Admrx. v. Pennsylvania Co., 169 Ky. 479; Rudd v. Jones, 4 Dana 229; Galbreath v. Galbreath, 10 Ky. L. R. 935; Johnston v. Dulin, 10 Ky. L. R. 403; Stone v. Baldwin, 226 Ill. 338; Beckett v. Wigglesworth (Mo. App.), 178 S. W. 898.

No fraud is charged. The evidence as to mistake is that out of 162 acres the defendant was allotted 56 acres as his one-fifth interest. The commissioners, however, both testify that the lands allotted to him were inferior in fertility, timber and minerals to that allotted plaintiff; that they made no mistake and that his share was worth not exceeding in value one-fifth of the entire premises. The surveyor Richmond thinks a mistake was made in that the defendant should have been allotted about one-fourth of the acreage where he received one-third. Much other evidence was taken pro and con on the question but the evidence is insufficient to show a palpable mistake; indeed if any mistake occurred it was an honest one. The award should be upheld and deeds of conveyance made in accordance therewith.

Wherefore, the judgment is reversed and cause remanded for proceedings consistent with this opinion.