## Peake v. Thomas.

(Decided December 16, 1927.)

## Appeal from Hardin Circuit Court.

1. Appeal and Error.—Appellant, alleging error in reception and rejection of evidence in lower court, must point out such error in his brief, and, on failing to do so, appellate court will not search record to discover any such error.

2. Fraud.—In action for deceit, wherein plaintiff alleged that defendant misrepresented certain bank stock at time of transfer to plaintiff, evidence held to sustain peremptory instruction for defendant, in that there was no showing that representations were false, or, if so, that defendant, at time of making them, knew they were false, or made them recklessly, without knowledge of truth, and as positive assertion.

3. Corporations.—"Surplus" constitutes such part of excess in value of corporate assets as is treated by corporation as part of its permanent capital.

4. Corporations.—"Undivided profits" of corporation constitute such part of excess in value of corporate assets as consists of profits which have neither been distributed as dividends nor carried to surplus account.

5. Fraud.—Generally, to constitute "actionable fraud," it must appear that defendant made a material representation, that it was false and recklessly made without any knowledge of its truth, and as a positive assertion, and made with intention that it should be acted on by plaintiff, that plaintiff acted in reliance on it, and thereby suffered injury.

J. E. WISE and G. K. HOLBERT for appellant.

H. L. JAMES for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In this action for deceit brought by the appellant against the appellee the trial court, at the close of the appellant's case peremptorily instructed the jury to find for the appellee. From the judgment entered on that verdict, this appeal is prosecuted.

The parties to this litigation are brothers-in-law. In the summer of 1921 the appellant was the owner of a house and lot in Elizabethtown, which he was very anxious to sell. The appellee lived with appellant, and the latter, as the record shows, continually from the spring of that year until fall importuned the former to buy the property. The appellee did not have the ready cash wherewith to purchase the property, and was un-

willing to go into debt.  He was, at this time, the owner
of 17 shares of stock of the Glendale Banking Company,
which had been organized about 1903, and of which he
had been for a number of years a director.  He offered
to trade these 17 shares of bank stock at their book value
for the property, adjusting any balance in cash.  On the
appellee making certain representations concerning this
stock, appellant accepted the offer, and in September,
1921 deeded to the appellee the property referred to, in
consideration of which appellee transferred to appellant
the bank stock, and paid him the balance of the purchase
price in cash.

In the summer of 1923 it was discovered that the
cashier of the bank was a heavy defaulter.  Efforts were
made to save the bank, but to no avail, and in May, 1924,
the state banking department took it over for liquidation.
Not only is the stock now worthless, but the stockholders
are also subject to a 100 per cent assessment to make up
the losses of the depositors.  In August, 1925, appellant
brought this suit against the appellee, claiming that the
representations made by the appellee at the time he
traded the stock for the property were false, were known
by the appellee to be false, or, at least, since he was a
director of the bank, he was charged with a knowledge
of their falsity; that they were made by the appellee with
the intention of them being relied upon by the appellant,
who did so in ignorance of their falsity; and that he had
been damaged as set out in his petition by this alleged
deceit.  The appellee traversed the allegations of the
petition, and on these issues the parties went to trial,
with the result as above stated.

For reversal, appellant insists that the lower court
erred in the reception and rejection of the evidence, but,
as he has not pointed out to us in his brief any error he
claims in this respect, we, under the familiar rule, will
not search the record to discover any such error.  The
other ground relied upon for reversal is that the lower
court erred in giving the peremptory instruction it did.
It is our opinion, however, that the lower court acted cor-
rectly in this respect.

So far as the claimed representations are concerned,
the evidence shows that those with reference to what divi-
dends the bank had paid in the past and the amounts it
had carried to surplus were substantially true.  The
trade was made on the basis of the book value of the

stock, and this was represented, as appellant says, at $175.53 per share. The actual book value at this time was $178.81. Appellant claimed that appellee represented that the bank's loans were $90,000, all good, and that it had borrowed $25,000. The evidence shows that the loans amounted to $122,986.91, and the amount borrowed to only $20,000. Although it is true that the evidence establishes that in 1924 some of these loans were no good, yet it also shows that a big deflation had occurred between 1921 and 1924, and there is no substantial proof that any of the loans in 1921 were bad. Rather curiously, the appellant failed to disclose what the liabilities of the bank were in 1921 aside from the debt of $20,000 it owed. He did show that the capital and surplus of the bank amounted to slightly in excess of $26,-000, but whether it had any profits earned, but not yet set apart as dividends, or not yet carried to surplus, the record is silent. There is a distinction well known in corporate bookkeeping between surplus and undistributed profits, the former being such part of the excess in the value of the corporate assets as is treated by the corporation as part of its permanent capital, while the latter designates such part of the excess as consists of profits which have neither been distributed as dividends nor carried to surplus account. See Edwards v. Douglas, 269 U. S. 204, 46 S. Ct. 85, 70 L. Ed. 235.

The record does show that at this time the cashier had embezzled about $4,000 of the bank's funds, but this shortage did not appear anywhere on the books of the company. Even if the rule be as appellant contends, the cases of Long v. Douthitt, 142 Ky. 427, 134 S. W. 453, and Ligon v. Minton (Ky.) 125 S. W. 304, lay it down that a director of a corporation will be charged with a knowledge of the facts concerning the company's condition which are presumably within his knowledge, yet, as such rule can only mean such facts as he knows, or by the exercise of ordinary care could have known, the appellee cannot be held accountable for failing to disclose this shortage of the cashier.

The evidence shows that the cashier had so skillfully concealed his peculations that repeated examinations by the state banking department had failed to discover them. Appellee did not actually know of this shortage. There were no circumstances present, to excite his suspicion.

It is not shown that he could have discovered what the state banking department had failed to find. Appellant's own son, who succeeded appellee on the board of directors, failed for almost two years to find out, not only about this shortage, but the others which were added to it during those years. It cannot be said that the appellee, in the exercise of ordinary care, could have discovered the fact of this shortage, and hence he cannot be charged with constructive notice of it.

Summing up, we find that the representations made by appellee are not shown to have been false, unless we can say that a failure to disclose the shortage of the cashier affected the representation as to the book value of the stock, and even if we do, it is not shown that appellee knew of this shortage, or that he could have discovered it by the exercise of ordinary care. Hence he is not liable in deceit for such representations. To recover in an action for deceit, a plaintiff must show:

"The general rule is that to constitute actionable 'fraud' it must appear: (1) That defendant made a material misrepresentation; (2) that it was false; (3) that, when he made it, he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Baker v. McDonald, 185 Ky. 470, 215 S. W. 292; Hicks v. Wallace, 190 Ky. 287, 227 S. W. 293; Crescent Grocery Co. v. Vick, 194 Ky. 727, 240 S. W. 388."

The appellant here has failed to show either that the representations made by appellee were false, or if any of them was so, that appellee when he made it knew it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion. These facts being true, the lower court did not err in peremptorily instructing the jury to find for appellee, and its judgment is affirmed.