## Rosa v. Nava et al.

(Decided June 17, 1930.)

BENEDICT ELDER and E. J. COONEY for appellant.

WOODWARD, HAMILTON & HOBSON, BOLDRICK & GOCKE, ROBERT E. GRUBBS, C. EDWARD SCHLINDLER and BLAINE A. GUTHRIE for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming in part and reversing in part.

Romano Rosa instituted an action against Edwin I. Nava to obtain a judgment upon several notes aggregating $10,500, to enforce a mortgage given to secure the notes, and to have a receiver appointed to take charge of a portion of the mortgaged property. It appeared that Rosa had lent Nava $18,000 to purchase a delicatessen business in the city of Louisville. Thirty-six notes for $500 each were given covering the amount of the loan. A note was payable each month, and a mortgage to secure all of them was given on the personal property purchased and some real estate. The debt had been reduced to $10,-500, but Nava was in default, and the business was losing money. In his answer Nava admitted the execution of the notes and mortgage, but claimed that they had been fully satisfied and liquidated by virtue of a certain written contract between him and Rosa. The contract was

in the form of a bill of sale whereby Nava conveyed to Rosa the delicatessen business, including all stock, equipment, and assets of every character. The contract contained these provisions:

"It is agreed between the parties hereto that the party of the third part will and hereby does assume and agree to pay the outstanding indebtedness on said business as shown by the books of said business, *which are incorporated in the statement prepared for the party of the third part by auditor for said party of third part* which statement is attached hereto and made a part hereof as fully (as) if copied herein.

"It is further agreed between the parties hereto that this Bill of Sale shall release the party of the first part from all further liability on the notes executed by said party of the first part to the party of the third part as set up in the mortgage recorded in Deed Book 1193, page 425, provided, however, that the mortgage held by party of the third part on lot 48 plat of Avondale and lots No. 31 and 32 in Glendale Subdivision shall not be released until such time as the said business, either by successful operation by party of the third part or by profitable sale which show sufficient profit to reimburse party of the third part in the sum of fifteen hundred dollars ($1,500.00) at which time lots No. 31 and 32 shall be released and provided further that when an additional profit of $4,500.00 has been realized in the same manner lot 48 in Avondale shall be released by party of the third part.

"It is further agreed between the parties hereto that should this business, either by operation by third party or by profitable sale, fail to show a substantial profit by December 31st, 1929, party of the first part and party of the second part agree to deed their interests in the said lots aforesaid to the party of the third part, and the party of the second part joins in this Bill of Sale for which purpose and for no other.

"It is the understanding between the party of the first part and party of the third part that the said lots are to be held as collateral for the deposit of $6,000.00 as agreed upon and for that purpose

only and should the business, either by operation or sale indicate a profit less than six thousand dollars ($6,000) parties of the first and second part at their option shall have the privilege of paying in cash the difference between the profit actually realized and the deposit of $6,000.00 in which event said lots shall be released by party of the third part or said lots shall be sold at the best advantage and the sum realized from such sale shall be applied first to the remaining deposit and the balance turned over to parties of the first and second part.

"Party of the first part hereby agrees that he will not engage directly or indirectly in any line of business similar to the business herein transferred, for a period of five years in the city of Louisville.

"Party of the first part agrees to turn over said business and vacate the premises at the close of business Saturday, May the 5th and agreed to render such assistance and advice as he may be able to to party of the third part.

"It is further agreed between the parties hereto that the party of the first part is not expected to pay account charged against him for groceries, etc., nor is the party of the third part expected to pay any indebtedness due party of the first part as set up on said books.

"It is further understood and agreed that the party of the third part assumes and agrees to pay the rent for May on the Store building which item is due but has not been set up on the books at the close of business as of April 30th."

It will be observed that the contract did not, as alleged in the answer, unconditionally satisfy the mortgage. The mortgage was continued in force to the extent of $6,000 until such time as that amount was realized from the business either as earnings or profits on a sale. By his reply Rosa sought to avoid the contract entirely on the ground that it was obtained by deceit and misrepresentation regarding the amount of indebtedness against the business for which he was to be liable. Thereafter numerous suits were filed against Rosa by the creditors of Nava, and all the cases were consolidated, prepared, and submitted for judgment. The chancellor dismissed the action of Rosa against Nava, and rendered

judgment in favor of the creditors against Rosa. Rosa has prosecuted an appeal from the judgment dismissing his action against Nava and from the judgments in favor of the creditors, whose claims exceeded $500. He has entered a motion for an appeal in all the cases where the judgments in favor of the creditors were less than $500. In so far as the several creditors whose judgments were for sums less than $200 are concerned, this court has no jurisdiction to review the action of the circuit court. Louisville & N. R. Co. v. Deacon, 231 Ky. 811, 22 S. W. (2d) 288. The appeal as against Nava presents the question whether the court erred in dismissing the petition. In so far as the reviewable judgments awarded against Rosa in favor of the several creditors are concerned, the question is whether Rosa was entitled on account of the misrepresentations of Nava to be excused from the covenant in his contract with Nava to pay those debts. A subordinate question of interpretation is involved as to whether the covenant in the contract included the debt of Nava due the Bankers' Trust Company.

In logical order it is necessary, first, to determine whether the relief sought by Rosa was properly presented by the pleadings. It is urged that the cause of action asserted by Rosa was the enforcement of his notes and mortgage, and that the grounds of relief from the contract with Nava set up only by a reply did not entitle him to relief from the contract. Section 98 of the Civil Code provides that a reply may contain a statement of facts which constitute an estoppel against, or an avoidance of a set-off, counterclaim, or defense stated in the answer. Clearly the reply sought to avoid a defense stated in the answer. It is true the defense stated in the answer did not extinguish the entire claim sued upon by Rosa, but merely reduced it to $6,000 subject to certain conditions. The contract exhibited expressly preserved the mortgage to the extent of $6,000 until certain conditions were satisfied, and the answer contained no allegations to show performance of the conditions, or the happening of events which would have extinguished the mortgage indebtedness in full. In fact, the conditions did not exist. Consequently, on the petition of Rosa and the answer of Nava, Rosa was entitled to a judgment enforcing his mortgage to the extent of $1,500 against lots No. 31 and No. 32, and to the extent of $4,500 against lot No. 48 in Avondale. If the contract was canceled,

then Rosa would be entitled to enforce the full amount due on his mortgage, and would be relieved from the claims of creditors of Nava. In so far as Rosa sought affirmative relief from the covenant in his contract with Nava to pay Nava's creditors, it may have been proper for him to have filed an amended petition against the creditors as well as Nava. Dixon v. Johnson, 202 Ky. 328, 259 S. W. 698. Yet the case was practiced by the parties, and disposed of by the court, exactly as it would have been if the matter had been presented in an amended petition. In such situation no one is prejudiced when we dispose of the case in the same manner. Ruffner v. Ridley, 81 Ky. 165; Rounds & Jessee v. Cloverport F. & M. Co., 159 Ky. 414, 167 S. W. 384, Ann. Cas. 1915D, 40.

It is important, therefore, to determine first whether Rosa was entitled to be relieved from the contract with Nava on the ground of misrepresentation as to his indebtedness. The right of Rosa to this relief depended upon the fact whether he was deceived regarding the amount of the indebtedness by representations or concealments relied upon in entering into the contract. Roberts v. Parsons, 195 Ky. 274, 242 S. W. 594; Brown v. Slaton, 172 Ky. 787, 189 S. W. 1130; Peake v. Thomas, 222 Ky. 405, 300 S. W. 885; Adkins v. Stewart, 159 Ky. 218, 227 S. W. 984; Hicks v. Wallace, 190 Ky. 287, 227 S. W. 393. The evidence on the issue was in conflict, and we are not convinced that the chancellor erred in his conclusion in this regard. There was abundant evidence to sustain his finding, and it was not so clearly against the evidence as to justify us in disturbing it. The cancellation of an executed contract constitutes an extraordinary exercise of power and only clear and convincing evidence of fraud justifies the court in exerting its authority in that behalf. Cole v. Young, 167 Ky. 600, 181 S. W. 177; Virginia Iron, Coal & Coke Co. v. Crigger, 179 Ky. 748, 201 S. W. 298; Bowling v. Bowling, 172 Ky. 32, 188 S. W. 1070; Peake v. Thomas, 222 Ky. 405, 300 S. W. 885. If a review of the evidence leaves the mind in doubt as to the truth of the controversy, the judgment of the chancellor is not disturbed. Ford v. Ford, 233 Ky. 673, 26 S. W. (2d) 551; Insurance Co. v. Evans, 229 Ky. 613, 17 S. W. (2d) 711. The case must be disposed of, therefore, on acceptance of the fact that the contract was

valid. This conclusion relieves us of the necessity of considering the question raised regarding the duty of Rosa to tender back the business to Nava, or to discover sooner that he had been defrauded.

Undoubtedly the Bankers' Trust Company debt was not definitely in the minds of the parties when they made the contract, but it was known to Rosa's agent, referred to in the records, and the slightest inquiry would have discovered the amount of it. In fact, the evidence tends to show that the indebtedness to the bank was considered in making up the gross amount of notes owed by Nava. The contract required Rosa to pay the indebtedness shown by the books and which were incorporated in the statement prepared by Rosa's auditor. Such a contract was valid and enforceable by the parties for whose benefit it was made. Chesapeake & Ohio Ry. Co. v. Wadsworth Electric Mfg. Co., 234 Ky. 645, 28 S. W. (2d) —. Indeed, this proposition is not controverted by the learned counsel for appellant. The contention is that neither the statement nor the books disclosed the debt due the Bankers' Trust Company. The contract and the books were equivocal and ambiguous, which required resort to the extraneous circumstances and collateral evidence to ascertain the intention of the parties to the agreement. 13 C. J. p. 785, sec. 997; Kentucky Citizens' B. & L. Ass'n v. Lawrence 106 Ky. 88, 49 S. W. 1059, 20 Ky. Law Rep. 1700. The finding of the circuit court is supported by evidence, and, although a contrary conclusion might have been reached therefrom, the proof is not so clearly one way as to justify us in disregarding the chancellor's conclusion.

It is clear, however, that the chancellor erred in dismissing the petition of Rosa against Nava. The defense of Nava was good so far as it went, but it did not extinguish all of the indebtedness. The written contract showed that $6,000 of the indebtedness secured by the mortgage was to be maintained in force until such time as the profits realized from the business, by operation or sale, amounted to that sum. Looking at the situation from the viewpoint of the parties, it is apparent that Rosa was paying more for the business and property than it was worth, and it was estimated that $6,000 would compensate him for that difference. To that extent the contract preserved the mortgage in full force and effect. Since no profits were realized from the busi-

ness, the condition upon which the $6,000 was to be extinguished did not arise. The time fixed by the contract for a final determination of the matter expired before the judgment was rendered, and consequently there should have been a judgment in favor of Rosa against Nava enforcing $6,000 of his claim by a sale of the lots. The pleadings were sufficient to present the issue. The action was based upon the notes and mortgage, and the contract exhibited in the answer showed merely a pro tanto settlement, and not a payment of the debt. It was not necessary to amend the petition. Indeed, it would not have been proper, in view of the claim of Rosa that he was entitled to collect the full indebtedness, and, while the answer showed that he was not entitled to collect all of the indebtedness, it admitted the amount he was entitled to collect, and the pleadings authorized a judgment to that extent. There was no departure in the reply of plaintiff.

In Spiess' Adm'x v. Bartley, 130 Ky. 277, 113 S. W. 127, a suit had been filed upon a cause of action which had been extinguished by a valid award of arbitrators. The answer showed that the cause of action had been merged in the award. It was proper in a reply to assail the award so as to avoid it, but it was clearly a departure to admit the award and endeavor to obtain a judgment thereon. So in Dixon v. Johnson, 202 Ky. 328, 259 S. W. 698, the court construed the agreement between the parties as one for arbitration, and the result as a regular award. The award was upheld because it was not properly attacked. All that Rosa endeavored to do by his reply was to set aside the contract relied upon in the answer, so as to permit him to recover on the cause of action set up in his petition. He never departed from his original cause of action, but insisted upon it to the last. Facts that will defeat a defense interposed are proper in a reply, but a departure in a reply from the cause of action set up in the petition is forbidden. Moreover, the parties tried the issues, and in such case a reviewing court will not be alert to turn the case on a point not considered by the lower court, even where it is clearly correct. Dixon v. Johnson, 202 Ky. 328, 259 S. W. 698; Ruffner v. Ridley, 81 Ky. 165; Rounds & Jesse v. Cloverport F. & M. Co., 159 Ky. 414, 167 S. W. 384, Ann. Cas. 1915D, 40.

It results that the judgment must be affirmed as to the creditors whose judgments exceeded $500, and the appeals denied as to the creditors whose judgments were less than that amount. No damages can be awarded upon the judgments not within our jurisdiction. The judgment is reversed as to Nava, with directions to enter a judgment in favor of Rosa enforcing his mortgage debt to the extent of $6,000 against the two lots as set forth in the contract.

Judgment affirmed in part and reversed in part, for proceedings consistent with this opinion.