## Marcum v. Clark.

(Decided December 15, 1931.)

MARCUS C. REDWINE and A. T. STEWART for appellant.

JOHN D. ATKINSON for appellee.

Opinion of the Court by Stanley, Commissioner—Reversing.

The petition in this case filed by the appellee, Joe Clark, against the appellant, Jesse Marcum, as administrator of the estate of Price Marcum, deceased, and individually, alleges that the plaintiff had previously recorded a judgment against the administrator for $680, and under an execution levy he had bought an undivided one-half interest in some walnut logs and a sawmill for $300, and the execution returned "no property found" for the balance. It was further charged that the defendant was joint owner with the decedent, Price Marcum, of a large tract of land, and, since his appointment as administrator, had sold and received payment for the lumber and timber from that land of at least $900 in value, and that he then had all of that money in his hands, one-half of which belonged to the estate. The prayer was for a general order of attachment and that Jesse Marcum, as garnishee, be caused to disclose what funds he had belonging to the estate of Price Marcum, and that same be subjected to the plaintiff's debt.

The pleading as to the sawmill was dismissed on plaintiff's motion. It was satisfactorily shown that the walnut logs had been sold to another person before the abortive sale of jointly owned property under execution (see section 660, Civil Code of Practice), and this item went along with the issue as to other timber sold by him.

It was stated in the answer and counterclaim, as amended, that the timber had been cut from the jointly owned property, and the net proceeds of the sale had been divided between the defendant, Marcum, and the widow and children of Price Marcum long before the institution of this suit. The reply charged that the disclosure made by the answer was untrue and insufficient, and it then proceeded to set up in detail the disposition of certain lumber and timber and the sums received there-

for by the defendant, concluding with a prayer for judgment against Marcum, as garnishee. It is argued that the reply was a departure, that its allegations properly belonged in an amended or supplemental petition, and that since the judgment was based upon the reply, it should be reversed. Technically, some of the allegations, as did the prayer, had no place in the reply; but it essentially undertook to supply the claimed omissions from the answer essaying to make a complete disclosure, and was not a departure from the cause of action set up in the petition. No motion to make the petition more definite and specific was made, and the reply was treated as an amendment, which, so far as form is concerned, will now be regarded as sufficient. Rosa v. Nava, 235 Ky. 574, 31 S. W. (2d) 910, and cases cited.

The proof in the case shows that Price Marcum died in February, 1928, leaving a widow and four small children residing upon a tract of land owned jointly with Jesse Marcum. He qualified as administrator, and the entire personal estate, amounting in value to about $300, was set apart to the widow as an exemption. During the two years and more between Price Marcum's death and the institution of this suit, Jesse Marcum, as cotenant of the land with the widow and children, cut and sold a quantity of timber which netted, as fairly calculated, $1,103.64. About $300 of the proceeds was paid over to the widow for herself and the children, and the balance expended in building an addition to the dwelling, roofing the barn, and some fencing. It satisfactorily appears that at the time this suit was filed Jesse Marcum had no funds in his hands as administrator.

It was not averred in the pleadings (though designated as such) nor developed by the evidence that, at the time this suit was filed, or afterward, the appellant was the qualified and acting administrator of Price Marcum. He testified that he had qualified as administrator in the spring of 1928, and had made a settlement of his accounts, although he does not disclose when that was done. If appellee's pleadings, which were very inartfully drawn, should be construed as sufficient as a suit against the administrator and as against Marcum, as a garnishee, owing himself as personal representative, such case was not made out. He had handled the sale of the timber in his individual capacity.

The judgment was rendered against Marcum individually for one half of the net proceeds of the timber, on the ground, apparently, that he had committed waste on real estate (standing trees), which was converted into personalty upon a severance, and the proceeds constituted an obligation to himself as administrtaor and subject to the debts of his intestate, or that he was individually liable for that act of waste to his cotenants. See Nevels v. Kentucky Lumber Company, 108 Ky. 550, 56 S. W. 969, 22 Ky. Law Rep. 247, 49 L. R. A. 416, 94 Am. St. Rep. 388. Under the first conception, as we have seen, no case was set up or made out against the administrator. Under the second idea, he certainly was not directly liable to the creditor of the heirs. There is no law that permits a creditor to sue a debtor of his debtor and make him respond without making his own debtor a party to the suit. The creditor should pursue the heirs of his debtor for a collection of his judgment unless he can allege and prove that there was a personal representative then duly qualified and acting with undistributed assets in his hands. If Clark had reason to believe the appellant was indebted to this widow and these heirs in a sum which could be subjected to the payment of his judgment, he should, of course, have sued them and summoned him as garnishee or made him a party under the Code provision by an appropriate pleading. The heirs must be given an opportunity to set up whatever defense they might have to the appellee's claims, such as for example, their exemptions.

No right to recover the judgment appealed from having been manifested, the judgment is reversed and remanded for consistent proceedings.