## Hoeb v. Maschinot.

(Decided October 19, 1910.)

### Appeal from Campbell Circuit Court.

1. Conveyances—Fraudulent Relationship—Undue Influence—Effect. —Where there exists between two persons a relation of confidence and trust by which one exerts such influence over the judgment of the other as to subvert the latter's will and independence, a conveyance by the latter to the former will be set aside as fraudulent upon seasonable complaint.

2. Same—Question of Fact—Burden of Proof—Benefit to Grantee.— Whether such influence was exerted is a question of fact to be determined from the circumstances. Evidence of the fact may consist of such relationship of blood or consanguinity, or as attorney and client, guardian and ward, physician and patient, and the like; and when such relationship is shown, and a voluntary conveyance beneficial to the grantee is made, the burden of proving that in that transaction the other mind acted freely of its own volition is on the person benefited, or the conveyance will be set aside.

SAM'L C. BAILEY and GEORGE VEITH for appellant.

FRED B. BASSMAN for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

Where there exists between two persons a relation of confidence and trust, by which one exerts such an influence over the judgment of the other as to subvert the latter's will and independence, a conveyance by the latter to the former will be set aside as fraudulent upon seasonable complaint. Whether such influence was exerted is a question of fact to be determined from the circumstances. Evidence of the fact may consist of such re-

lationship of blood, or consanguinity, or as attorney and client, guardian and ward, physician and patient, and the like, and when such relationship is shown, and a voluntary conveyance beneficial to the grantee, the burden of proving that in that transaction, the other mind acted freely, of its own volition, is on the person benefited, or the conveyance will be set aside. (Smith v. Snowden, 96 Ky. 32; Maze's Ex. v. Maze, 30 Ky. Law Rep. 679.) The reason of the rule is, it is not customary for people to give away their property, particularly to strangers in blood. It is also known that one who has the entire confidence of another can induce the latter to do with his property, that which a stranger could not. Every day observation is full of incidents of overreaching of that character. Such abuse of confidence is in law a fraud.

In the case at bar, appellee is a son-in-law of appellant. He is a young man whose wife and infant (only child) had recently died, who was on the most intimate and confidential terms with his mother-in-law, she living with him as a member of his family. She was shown to have had for him a most generous feeling. She was ignorant of her legal rights as sole heir of her deceased daughter. The son-in-law had borrowed considerable sums from his mother-in-law, and was in failing circumstances. He induced her to execute to him a voluntary conveyance of one-half of a house and lot which she had inherited from her deceased daughter. The conveyance was drawn by his attorney at his instance, and in so far as it was explained to her at all, it was by his attorney. She was partially deaf, spoke and understood English indifferently, and was utterly ignorant of her legal rights in the property, as well as of matters of conveyancing. The degree of confidence between them was equivalent to that of a mother toward her son. She has brought this suit to set aside the conveyance, alleging her misunderstanding of the transaction, as well as fraud upon appellant's part in procuring it. Under these circumstances . we hold that the rule first announced herein applies. The burden was upon appellee to show that the deed was executed by the grantor understandingly. This he failed to do. We do not mean to say that his attorney misrepresented its purport to appellant, or failed to make such explanation as the circumstances may to him have seemed to call for. But there was nothing to apprise him that appellant did not understand it. .There was apparently no occasion to explain it. Hence his statement to her at

the time she came to his office to sign the deed neces-
sarily assumed that she had already been informed by
her son-in-law, and knew what the paper was for. That
he talked to her about the conveyance, and in some gen-
eral way indicated its purpose, as would be expected by
one who had no reason to suspect the ignorance of the
grantor, there is no doubt. That he did not intend to
mislead her, or even to take advantage of her ignorance,
we have no reason to suspect. Nevertheless, she shows
to our satisfaction that she in fact was ignorant of the
legal effect of the act, and had been led into doing it by
the misrepresentation of her son-in-law. The son-in-law
was not present when the deed was signed. Nor did he
make any statement to appellant in his attorney's pres-
ence. Not only does appellee fail to show that his gran-
tor did freely and understandingly enter into the trans-
action, but the weight of the evidence is that she did not
understand it but on the contrary was led by him to sup-
pose its effect was to convey his lot to her upon his death.

The chancellor should have vacated the deed. But
this will not affect subsequent encumbrances, for value,
and without notice of the fraud.

Reversed, and remanded for judgment in conformity
herewith.