**CASH v. THOMAS et al.**

No. 7957—Opinion Filed Nov. 14, 1916.

Rehearing Denied Dec. 12, 1916.

(161 Pac. 220.)

1. **Appeal and Error — Review — Equity Cases.**

In an action of purely equitable cognizance, where it appears that the court failed to consider uncontradicted, competent evidence, or that the finding and decree are clearly against the weight of the evidence, this court will consider the entire record, weigh the evidence, and cause to be rendered such judgment as the trial court should have rendered.

2. **Vendor and Purchaser—Validity of Contract—Right to Set Aside—Ratification.**

Where one, who has been induced to enter into a contract by fraud, after discovery of the fraud, with full knowledge of the facts and of his own right to impeach the contract for fraud, or who ought to, or might, with due diligence, have been aware of such right, proceeds to the execution of the contract and receives and retains the consideration therefor, he thereby ratifies the contract and cannot thereafter set up the alleged fraud as ground for cancellation or rescission.

3. **Deeds—Actions—Evidence—Sufficiency.**

Evidence considered, and the judgment of the trial court held to be contrary to the weight of the evidence.

(Syllabus by Rummons, C.)

Error from District Court, Okfuskee County; George C. Crump, Judge.

Action by Mollie E. Thomas and others against Allen Cash and others, in which J. J. Klabzuba, Jake Zabloudil, J. O. Myers, and H. I. Grimes intervened. There was a judgment for plaintiffs, and in favor of the interveners, and defendant Cash brings error. Reversed.

John Caruthers and Burford, Robertson & Hoffman, for plaintiff in error.

J. T. Dickerson and Riddle & Hammerly, for defendant in error Mollie E. Thomas.

C. T. Huddleston, for defendants in error J. J. Klabzuba, Jake Zabloudil, J. O. Myers, and H. I. Grimes.

Opinion by RUMMONS, C. This action was commenced in the district court of Okfuskee county by the defendant in error Mollie E. Thomas, hereinafter styled the plaintiff, against the plaintiff in error Allen Cash and others, hereinafter styled the defendants, to cancel and set aside a deed of conveyance from plaintiff to defendant Cash for 80 acres of land in Okfuskee county. After the commencement of the action the defendants J. J. Klabzuba and Jake Zabloudil intervened and answered, claiming title to an undivided one-fourth interest in said tract of land, and the defendants J. O. Myers and H. I. Grimes intervened and answered claiming title to an undivided one-eighth interest in said tract of land. The cause was tried to the court resulting in a decree declaring the deed from plaintiff to defendant Cash to be fraudulent and void, and declaring the defendants J. J. Klabzuba, Jake Zabloudil, J. O. Myers, and H. I. Grimes to be innocent purchasers and owners of an undivided three-eighths interest in said tract of land, and canceling and setting aside the conveyance from plaintiff to defendant Cash, and revesting title in the plaintiff as to an undivided five-eighths interest in said tract of land upon the payment to defendant Cash of the proportionate part

of the purchase price of said tract of land. Defendant Cash, having unsuccessfully moved for a new trial, prosecutes this proceeding in error to reverse the decree of the court below.

The evidence on behalf of the plaintiff discloses that prior to November 6, 1914, the plaintiff was the owner of the tract of land here in controversy; that the same was incumbered by an oil and gas lease, in full force, to the Prairie Oil & Gas Company; that the Prairie Oil & Gas Company was drilling a well for oil and gas upon a tract of land contiguous to plaintiff's land; that plaintiff had offered and sought to sell this tract of land for the sum of $3,000; that about two weeks before November 6, 1914, plaintiff was in the town of Paden and had a conversation with the defendant Cash in which he inquired as to whether she was willing to sell her tract of land; that plaintiff replied that her price was $3,000 before they struck anything in the well being drilled; that the defendant Cash told plaintiff that if he made a deal, which he expected to make within the next two weeks, that he would take her land at that price. and requested plaintiff to say nothing about it; that on November 5th a showing of gas was struck in the well being drilled by the Prairie Oil & Gas Company, and that the defendant Cash had knowledge of that fact on the morning of November 6th; that on November 6th defendant Cash called plaintiff on the telephone and inquired if she were coming to town, to which she replied that she was not; that the defendant Cash then said that he would come out to see her, and did drive out to her place, where he proposed to buy her tract of land for the sum of $3,000 and gave her a check for $100 to bind the bargain; that shortly after Cash had given her the check and returned to town a son of plaintiff came in and told plaintiff that they had struck gas in the well adjacent to her land; that on the afternoon of the same day she went to Paden and executed a conveyance of the tract of land to the defendant Cash; that she received the purchase money and used it. Plaintiff further testified that she had been seriously sick during that year from January until March, and had to go to Claremore for treatment; that the defendant Cash had been her neighbor for some years, and that she had consulted him about her business affairs. and regarded him as her best friend. It further appears from the cross-examination of plaintiff that one Cameron, who, so far as the record discloses, has no interest in this land had agreed with the plaintiff to pay the costs of the prosecution of this suit and had furnished bond for costs.

The evidence on behalf of the defendant Cash does not materially conflict with the evidence of plaintiff as to his knowledge of the striking of gas in the well or as to the fact that he made no disclosure of that knowledge to the plaintiff. The defendant Cash, however, testified that when the plaintiff came to town on November 6th to execute the deed after she had learned that gas had been struck in the well, the plaintiff upbraided him for having concealed the fact that gas had been struck, and that he had said to her, "It is like this, Mrs. Thomas, you have not made me any deed; if you are not satisfied;" and that plaintiff replied, "When I make a trade I stay with it, so I am going to let it go;" that thereupon the deed was executed. This conversation was not denied by the plaintiff. The defendants J. J. Klabzuba, Jake Zabloudil, J. O. Myers, and H. I. Grimes offered evidence tending to show that they had purchased their respective interests in this tract of land from the defendant Cash before the commencement of this action and without any knowledge of any right or claim of right of the plaintiff to the said tract of land. The court found the land to be worth $2,000 as agricultural land. and that an oil and gas lease on said land was worth about $125 an acre.

The defendant Cash makes several assignments of error, which, however, all practically present the same question: That the judgment of the court was not sustained by sufficient evidence, and is contrary to law.

This being an equity case, under a long line of decisions of this court, we have the power to consider the whole record, weigh the evidence, and if the judgment of the court is against the weight of the evidence, cause to be rendered such judgment as the trial court should have rendered. Schock v. Fish, 45 Okla. 12, 144 Pac. 584; Success Realty Co. v. Trowbridge, 50 Okla. 273, 150 Pac. 898; Tucker v. Thraves, 50 Okla. 691, 151 Pac. 598; Britton v. Morris, 59 Okla. 162, 158 Pac. 358.

The plaintiff seeks in this action a cancellation of her conveyance upon the ground of fraud, the fraud alleged consisting in the concealment from the plaintiff by the defendant Cash of the fact that gas had been found in the well adjacent to plaintiff's land. It is urged on behalf of plaintiff that the evidence shows such relationship between the plaintiff and defendant Cash as to make it the duty of the defendant Cash to make a full disclosure to the plaintiff of the facts

within his knowledge relating to this land before he bought it from her.

On the other hand, it is urged by counsel for defendant Cash that the evidence does not disclose any such relationship between plaintiff and defendant as to impose any duty upon the defendant Cash to disclose his information to the plaintiff, and so long as he said and did nothing to mislead the plaintiff he might maintain silence as to information that he had obtained and be within his rights.

Numerous authorities are cited by counsel for plaintiff and for defendant sustaining their respective positions. The rules laid down in the authorities cited are couched in general language, hedged about with exceptions, so that no case cited may be said to be directly in point, since upon the question of fraud each case must be determined by the peculiar facts involved in it.

We, however, do not think that under the facts shown in this case that it is necessary for us to determine whether or not a duty was imposed upon the defendant Cash to disclose his knowledge as to the finding of gas, to the plaintiff. The learned trial court in determining this cause seems to have entirely overlooked the undisputed testimony of defendant Cash to the effect that, after the plaintiff had discovered that gas had been found and before the execution of the deed, when he was questioned by plaintiff as to his concealment of his knowledge, he stated to her that if she was not satisfied she need not make him a deed, and that she replied that when she made a trade she stuck to it. To be sure, it is stated by plaintiff that she was not aware of her rights in the premises when she executed the deed, but this testimony not being denied by her shows that before she executed the conveyance she was advised that if she was not satisfied that she need not execute a deed, but that disregarding this privilege she proceeded to carry the contract into effect and executed a deed to defendant Cash.

It is well settled that where one who has been induced to enter into a contract by fraud, after a discovery of the fraud with full knowledge of the facts and of his own right to impeach the contract for fraud, or who ought and might with due diligence have been aware of such right, proceeds to the execution of the contract and receives and retains the consideration for such contract, that he thereby ratifies the contract and is estopped to set up thereafter the alleged fraud as ground for a cancellation or rescission of the contract. 2 Pomeroy's Equitable

Remedies, sec. 687; Gidney v. Chappell, 26 Okla. 737, 110 Pac. 1099; Kingman & Co. v. Stoddard, 85 Fed. 740, 29 C. C. A. 413; McLean v. Clapp, 141 U. S. 429, 12 Sup. Ct. 29, 35 L. Ed. 804.

In the instant case the plaintiff at the time she executed the conveyance was fully informed of all the facts. Nevertheless, she proceeded to execute to defendant Cash her deed and to receive from him the purchase money and appropriate the same to her own use. It does not appear from the evidence that in so doing she acted under any influence or suggestion from the defendant Cash. In fact, the evidence shows it was suggested to her that she need not carry out the deal if she was dissatisfied. Under those circumstances, it seems clear that she ratified the contract with full knowledge of all the facts. and she cannot now be heard to complain.

We are convinced that the judgment of the trial court is contrary to the weight of the evidence, and that on the whole record the judgment of the trial court should have been for the defendant Cash.

The judgment of the court below should therefore be reversed, with directions to enter judgment dismissing the petition of plaintiff.

By the Court: It is so ordered.