**RECTOR v. BAY et al.**

No. 11451—Opinion Filed May 15, 1923.

**1. Deeds — Validity — Undue Influence — Burden of Proof on Vendee.**

Where the grantee stands in a trust or confidential relation with the grantor, whose mental capacity is impaired by physical disabilities to the point where she is subject to the influence and directions of the grantee, the latter receives his deed with the hand of suspicion resting thereon, and the burden rests upon the grantee to show clearly that the conveyance was not the result of undue influence, and was the free and voluntary act of the grantor for a consideration commensurate with the value of the property conveyed.

**2. Same—Cancellation of Deed—Sufficiency of Evidence.**

Where the testimony of the plaintiff shows that the grantor was of a strong mind and capable of satisfactorily managing her affairs, but was later mentally impaired through physical disabilities, and while in such mental condition the grantee, who was a friend of the family, ingratiated himself in the confidence of the grantor, and thereby, through undue influence and the mental weakness of the grantor, induced the latter to convey her property to him for a consideration of less than the value of the property, and he did not go on the stand himself as a witness to controvert the proof of undue influence offered by the plaintiff, the verdict for plaintiff for cancellation will not be disturbed on appeal.

**3. Same.**

Record examined, and held, that the judgment of the trial court is clearly supported by the weight of the evidence.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by Myrtia E. Bay against J. H. Rector and S. W. Hogan, executor of the estate of Lois M. Roberts, deceased, for the possession of real estate. Judgment for S. W. Hogan, as executor, for possession. J. H. Rector brings error. Affirmed.

Jacobs & Underwood, for plaintiff in error.

C. H. Mauntel, for defendants in error.

Opinion by STEPHENSON, C. The plaintiff commenced her action in the district court of Logan county, for the possession of the S. W. ¼ section 4, township 15 N., range 4 W., situated in Logan county. The plaintiff alleged that Lois M. Roberts was the owner of the property in question at the time of making a certain will. The terms of the will provided that plaintiff should receive the rents and profits from the land in question during a period of ten years, and at the end of this period of time, if Percy N. Roberts, the son of the testatrix was not found to be living, the plaintiff should then become the fee simple owner of the property. The will bore date as of September 12, 1916. The plaintiff had a stroke of paralysis on September 3, 1916, and was confined to her bed for several days. The record disclosed that on June 12, 1918, Lois M. Roberts conveyed the property in question, which was then reasonably worth about $7,500, as shown by the evidence, to J. H. Rector. A portion of the consideration for the conveyance was a mortgage back on the property to the grantor to secure the payment of $4,500, payable in nine equal annual payments bearing interest at the rate of 6 per cent. per annum. The evidence is not clear as to the payment of further considerations, or whether or not the grantor received the benefit of additional consideration for the conveyance.

The evidence disclosed that Lois M. Roberts was a strong type of woman, energetic, and capable of handling her own affairs prior to her sickness. The evidence shows that her husband died in 1902, leaving a certain indebtedness against the land in question and other indebtedness, and that the grantor paid the entire amount of said indebtedness, and accumulated some money after the death of her husband.

Mrs. Roberts had another stroke of paralysis some three or four months after the first, which left her impaired physically and mentally to the point where she was apparently incapable of looking after her affairs or dealing intelligently with business matters. The plaintiff spent considerable time at the home of Mrs. Roberts in caring for her. It appears that on September 12th, Mrs. Roberts sent for S. H. Hogan to come to her home, as shown by the evidence of Mr. Hogan, and discussed with him the matter of making a will and advised the disposition that she desired made of her property; and further stated that she desired Hogan to act as her executor of the will. In her conversation with Hogan she expressed the wish that the plaintiff, who was her niece, and the other beneficiaries of the will, be not advised of the disposition she was making of her property. The will was written according to her wishes and duly executed by the testatrix embodying the provisions before stated.

The evidence of the plaintiff shows that J. H. Rector frequently visited in the home of the testatrix during the latter part of 1917, and early part of 1918, and prior to the date of the deed from the testatrix to the defendant. It appears from the evidence that the defendant Rector ingratiated himself in the confidence of the testatrix to the point where the latter could be said to be almost under the control and pleasure of the defendant Rector, and the evidence of the plaintiff so showed this state of mind of Mrs. Roberts at the time of executing and delivering the deed, conveying the premises hereinbefore described, to the defendant Rector on June 12th, 1918. The evidence introduced by the defendant sought to overcome the evidence of the plaintiff on this point; however, it appears that the weight of the evidence was with the plaintiff by a fair preponderance. Defendant Rector and the testatrix had been neighbors and close friends prior to the affliction of the testatrix, and the plaintiff charged that the defendant Rector took advantage of the cordial relations between himself and the testatrix, and through this means and the physical and mental condition of the testatrix, induced her to execute the conveyance named above. The plaintiff testified on the witness stand as to the matters involving the relations between the defendant Rector and the testatrix during the time she was at the home of the grantor. The defendant Rector did not go on the stand as a witness in contradiction of the matters testified to by the plaintiff.

The testatrix died on March 6, 1919, and the will in question was duly admitted to probate in the county court of Logan county April 28, 1919. Upon the evidence as introduced in the cause, the court found that S. H. Hogan, as executor of the estate of the testatrix, was entitled to the possession of the real estate herein described for the purpose of carrying out the terms of the will admitted to probate, which provided that the plaintiff should receive the rents and profits from the property for a period of ten years, and at the expiration of that period of time should become the fee simple owner of the property, in the event that Percy N. Roberts, the son of the decedent, did not assert any claim to the property during the ten-year period of time.

The court found the issues of fact in favor of the plaintiff, and upon the question of undue influence by reason of the friendship existing between the grantor and grantee, and the further fact of the difference between the mental condition of the parties, the invalidity of the deed of Rector followed as a matter of course, in view of the rule of law applying to the findings of fact as made by the trial court. The rule is that although the burden of proof usually lies upon the party asserting the fraud, if the person who took the conveyance at the time, stood in the relation of trust and confidence with the grantor, and especially when considered in the light of the physical infirmities that impaired the mental capacity of the grantor, the grantee must prove that he exercised the utmost good faith, and that the other acted of his own volition and that the conveyance was not the result of the undue influence of the grantee. Cox v. Schnerr (Cal.) 156 Pac. 509; Miller v. Thompson, 69 Oklahoma, 171 Pac. 850; McCord v. Bright (Ind.) 87 N. E. 654; Hoeb v. Maschinot (Ky.) 131 S. W. 23; Beach v. Wilton (Ill.) 91 N. E. 492, Hawkes v. Lackey (Mass.) 93 N. E. 828; Beels v. Ares (N. M.) 185 Pac. 780.

The application of the rule laid down by the authorities cited abundantly supports the judgment for defendant Hogan as executor for the possession of the property under the terms of the will.

The main assignments of error go to the question of the sufficiency of the evidence to support the judgment of the court for the defendant Hogan. This court has announced the rule to be that in cases of purely equitable cognizance the findings of fact by the trial court will not be disturbed by this court, unless same are clearly against

the weight of the evidence. From an examination of the record it appears that the judgment in this cause is supported by a fair preponderance of the testimony, and according to the rule announced by this court, the cause ought to be affirmed. Cash v. Thomas et al., 62 Okla. 21, 161 Pac. 220; Parker v. Tomm, 78 Okla. 103, 188 Pac. 1074; Swan v. Duncan, 78 Okla. 305, 190 Pac. 678; Interstate Bldg. and Loan Co. et al. v. Okla. City, 84 Okla. 227, 203 Pac. 172; McLaughlin et al. v. Yingling et al., 90 Okla. 159, 213 Pac. 561.

We recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.