## Rounds v. Rounds.

(Decided May 20, 1927.)

### Appeal from Daviess Circuit Court.

1. Deeds.—Sons, living with aged and weak mother, sustained confidential relationship to mother, and had burden of showing that deeds to them from mother were fair and just and free from undue influence.

2. Judgment.—Where deeds were executed by mother to sons shortly before execution of will confirming deeds, and judgment setting aside will for undue influence was affirmed by Court of Appeals, judgment of chancellor setting aside deeds on practically same evidence will be affirmed.

**3.** Deeds.—It requires less mental capacity to make valid will than to make valid conveyance.

LOUIS I. IGLEHEART for appellants.

BEN D. RINGO and FLOYD J. LASWELL for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

On June 12, 1920, Elizabeth M. Rounds, then 85 years of age, conveyed to her two sons, the appellants Fred V. and Harry B. Rounds two tracts of land in Daviess county, and a small tract within the city of Owensboro, the recited consideration being $1 in hand paid and a certain equitable interest which the grantees were supposed to have theretofore acquired in the property conveyed, "and for other good, valuable and sufficient considerations."

Mrs. Rounds had been for many years a widow, and during that period had lived with her two sons, the appellants, at her home, and they had charge of and managed and controlled her property.

She died in January, 1924, at the age of 89, and some two months after her death, for the first time, the two deeds so executed by her in June, 1920, were recorded.

At her death, her heirs at law consisted of five living children, including the two appellants, and two grandchildren, the children of a deceased son and daughter.

This is an equitable action, instituted by one of the heirs at law, wherein all the others are made defendants, seeking to set aside the deeds so made by Elizabeth M. Rounds to her two sons on the 12th of June, 1920, upon the grounds of incapacity and undue influence exerted by the two grantees to procure the execution of those instruments.

Eighteen days after the execution of the deeds, and on the 30th of June, 1920, Elizabeth M. Rounds executed her will wherein she confirmed and ratified the two deeds so made by her on June 12th theretofore. There was a contest over that will, involving, in substance, the same questions of fact that are presented in this equitable action, to-wit, mental incapacity of Elizabeth M. Rounds, and the undue influence charged to have been exerted

upon her by the two appellants in procuring the execution of the will.

In this equitable action it is charged, in substance, that the procurement of the two deeds sought to be set aside, and of the execution of the will, were really parts of the same general scheme concocted and carried out by the two appellants to get title to the whole of decedent's property to the exclusion of her other heirs at law.

The two vital questions of fact involved in this equitable action were likewise directly involved in the will contest, and were passed upon by a jury under proper instructions in the hearing of that case, and there was a verdict against the will. From a judgment on that verdict an appeal was brought to this court by the same appellants, and, in a carefully prepared opinion, analyzing the evidence in detail on these two questions, that judgment was affirmed, and the will set aside.

The evidence presented in this record, dealing with the same issues there presented, is in its material substance and effect the same as is carefully analyzed and specifically stated in that opinion. 214 Ky. 294, 283 S. W. 77.

The chancellor, upon consideration of practically the same evidence heard in the will contest, entered a judgment setting aside the two conveyances in question.

The instruments—that is, the will in question on the former appeal and the two deeds here involved—were all executed by a woman 85 years of age, in more or less frail health incident to that age, and appearing to have been under the dominion at that time of at least one of the appellants, and all executed by her during the same month and within eighteen days.

Obviously the relationship sustained by the two appellants to their aged mother who lived with them, and the circumstances under which these two deeds were executed, in the light of the evidence disclosed in this and the other record, was a confidential relationship, especially in view of her age and infirmities, which places upon them in this action the burden to show that the transaction was fair and just, and free from the exercise of undue influence. Hitchcock v. Tackett, 208 Ky. 803, 272 S. W. 52; Davidson v. Davidson, 180 Ky. 190, 202 S. W. 493; Brown v. Slaton, 172 Ky. 789, 189 S. W. 1130.

Inasmuch, therefore, as appellants have failed to satisfactorily disclose such a state of case as to authorize the upholding of these deeds, and giving due weight to the finding of the chancellor and of the finding of a properly instructed jury, we see no alternative except to approve the judgment as entered. And especially is this true in the light of the well-recognized rule that it requires less mental capacity to make a valid will than to make a valid conveyance. Bradley v. Bradley, (Ky.) 91 S. W. 1143; Wise v. Foote, 81 Ky. 10; Langford v. Miles, 189 Ky. 515, 225 S. W. 246; Poynter v. Poynter, 206 Ky. 836, 268 S. W. 582.

Judgment affirmed.