## Shillings v. Jones.

February 23, 1951.

Chester D. Adams, Judge.

714

J. A. Edge, for appellant.

Eldon S. Dummit and Weldon Shouse for appellee.

STANLEY, COMMISSIONER—Affirming.

This suit was instituted in September, 1945, in the name of Mrs. Sophia Shillings to set aside a deed to property in Lexington which she had made in October, 1941, to her niece, Mary L. S. Jones, on the ground of undue influence and fraud; also, to cancel a power of attorney to draw upon a bank account and for an accounting of money withdrawn by the defendant. Ancillary relief was also prayed of the First National Bank and Trust Co. of Lexington.

The case has had a stormy career, it having been claimed that the plaintiff did not authorize the suit and did not authorize an appeal of a judgment adverse to her. Two previous appeals have been dismissed. One was upon a communication duly signed by the appellant, asking that it be done. We pass by several such questionable matters and determine the case upon the merits.

The chancellor ruled the deed should not be cancelled and that the grantee had fee simple title to the property, subject, however, to the charge of maintaining and supporting the grantor the remainder of her life. The court was of opinion that Mrs. Shillings wanted her niece to have what, if anything, remained of her estate after her death and accomplished her purpose by a deed rather than a will. He further adjudged that the petition with respect to the bank account be dismissed. Before the present appeal was filed, Mrs. Shillings died and the action was revived by the administrator of her estate with will annexed.

The grantor was about 80 years of age when she conveyed her home to her niece for a nominal consideration

and love and affection. She was a bedfast invalid for several years, but except some normal infirmities due to her age, her mental faculties at the time were apparently good. Mrs. Shillings had no children and her only relatives were a number of nieces and nephews, some of whom lived nearby and others in distant states. The case seems to have been instigated and promoted under questionable circumstances.

The grantee, Mrs. Jones, lived in Covington. She was always faithful, loyal and diligent in seeing that her aunt was cared for. In short, she was the favorite niece and appears to have deserved that relationship. In her first deposition, taken shortly after the suit was filed, Mrs. Shillings gave somewhat equivocal testimony to the effect that she had not wanted to "sell" her home. In another deposition taken by the defendant in the absence of plaintiff's counsel, she stated quite positively and clearly that she had given the property to her niece and wanted her to have it. She denied having made the statements contained in the transcript of her former deposition. The defendant has insisted they were erroneously or improperly transcribed. There is other evidence both supporting and refuting the allegations of fraud and undue influence.

The law in case of this kind, particularly where the grantor was an old and infirm person, is well settled. To recite it would be but to repeat what has been written many times. See as typical cases: Hoeb v. Maschinot, 140 Ky. 330, 131 S.W. 23; McDowell v. Edward's Administrator, 156 Ky. 475, 161 S.W. 534; Moore's Administrator v. Edwards, 248 Ky. 517, 58 S.W.2d 915; Chiles v. Major, 266 Ky. 594, 99 S.W.2d 761; Newman v. Hall, 278 Ky. 88, 128 S.W.2d 201; Murphy v. Lester, 280 Ky. 51, 132 S.W.2d 542; Rose v. Rose, 298 Ky. 404, 182 S.W.2d 977; Cook v. Hagen, 301 Ky. 346, 192 S.W.2d 97. This is a matter of fact case involving no new principles of law. A lengthy recitation of the evidence will avail nothing. Though falling into a familiar pattern each case of this kind has its own individuality. Whether under the circumstances the relationship between the parties was of such close confidence and trust as to cast the burden upon the niece to establish fairness and freedom of will on the part of the grantor it is not

necessary to declare. We concur in the finding of the chancellor irrespective of the burden.

Concerning the bank account, it is shown that it became a joint one under authority of Mrs. Shillings. The power given the niece was simply that she should countersign checks drawn by the depositor. The proof shows that what was drawn out, equal to about $95 a month, was for the sole use and benefit of Mrs. Shillings. We find nothing to disprove the accounting.

The judgment is affirmed.