Lula Ann TREECE, Plaintiff in Error,

v.

Walter V. TREECE, Defendant in Error.

No. 39295.

Supreme Court of Oklahoma.

Oct. 31, 1961.

Rehearing Denied Dec. 5, 1961.

Arthur G. Parsons, Oklahoma City, for plaintiff in error.

Porta & Weaver, El Reno, for defendant in error.

HALLEY, Justice.

This action was commenced by Lulu Ann Treece to cancel a deed made to her son, Walter V. Treece. The parties will be referred to as they appeared in the trial court. Both parties waived jury and no special findings of fact or law were requested.

The trial court found the issues generally in favor of the defendant, denied plaintiff any relief and entered judgment in favor of defendant quieting title to the land in him. Plaintiff has appealed and challenges

the judgment on the ground that it is not supported by the evidence and is contrary to law.

The plaintiff in her brief states the issues on appeal as follows:

"The subject of this action concerns the execution of the alleged warranty deed of January, 1957 and the question of whether or not said warranty deed was supported by consideration or was obtained by fraud or misrepresentation."

The plaintiff, however, does not argue in her brief that the deed was not in fact executed. There was sufficient evidence adduced at the trial to show that the deed was signed by the plaintiff, acknowledged, and delivered to the defendant. This meets the requirements of execution as set out in the second paragraph of the syllabus of Gilliland v. Shuman, 197 Okl. 365, 170 P.2d 549, 166 A.L.R. 850, as follows:

"The word 'execution' when used in connection with instruments conveying real property, and particularly deeds, connotes all acts which are necessary to the operation of the instrument including signing, sealing when necessary, attestation and acknowledgment, when required by statute, and delivery to the grantee or some one in his behalf."

The plaintiff's contentions appear to be that the evidence shows a fiduciary or confidential relationship between plaintiff and defendant, that the circumstances surrounding the execution of the deed were suspicious, and that the burden therefore shifted to the defendant to show clearly that the conveyance was not the result of fraud or undue influence and was for a commensurate consideration. Plaintiff cites in support of such contentions the cases of Flowers v. Flowers, 94 Okl. 134, 221 P. 483; Rector v. Bay, 91 Okl. 14, 215 P. 415; Roberts v. Humphreys, Okl., 356 P.2d 370. In those cases, each of which was brought to cancel a deed, this Court found that there was evidence of a confidential relationship or that

the grantor was unduly influenced to execute the deed in controversy.

In the Flowers case, supra, the grantor was 93 years old, practically blind and could neither read nor write. He was taken to a bank by his son, the grantee, where the deed was prepared and he signed the deed by his mark, at which time nothing was said as to the character and contents of the instrument. This was an unusual and suspicious manner of executing a deed to practically all of his property and done at a time and place where he did not have the advice of a disinterested third person to advise him fully of the consequences and let him understand that he was parting with his home irrevocably.

In the Rector case, supra, the grantor was impaired physically and mentally by a stroke to the point that she was apparently incapable of looking after her own affairs or dealing intelligently with business matters. During that time the grantee, a neighbor and close friend of the grantor, ingratiated himself into the confidence of the grantor to the point where the latter could be said to be almost under the control of the grantee.

In the Roberts case, supra, the grantor was 73 years of age and the condition of her health was such that she was confined to her bed and convinced that death was imminent. The grantor testified that the grantee, her sister, told her to sign the deed or she would beat her up.

We do not believe that the facts in the case at bar are so similar to the facts in the cases cited by plaintiff as to be controlled by them. The general rule in determining the validity of deeds from parent to child is that the existence of fraud or undue influence depends on the facts of each particular case. Wills v. Dissing, Okl., 356 P.2d 339; Higgins v. Pipkin, Okl., 360 P.2d 231.

In the instant case although plaintiff was approximately 78 years of age at the time of the execution of the deed, there was evidence of neither physical nor mental

weakness except plaintiff's testimony that her eyes were failing and that she had been treated by two doctors. Plaintiff called no witnesses to confirm this trouble or treatment and defendant called several witnesses to dispute it.

There was a definite conflict of testimony concerning the length of time that the deed was left with plaintiff before she executed it. She says just a few minutes. The defendant and his witnesses indicate that it was several days. The trial judge was probably influenced by the reasonableness of the testimony of defendant's witnesses. At the time the deed was explained to and left with plaintiff, she lived alone and had ample time for thought and reflection on the matter as well as opportunity to discuss it with other relatives or friends.

Through the years defendant had been very helpful to his mother and she had mentioned to others that she intended to give her property to him. As a matter of fact in 1953 she deeded to him a life estate subject to her life estate in this same property. There is no dispute about the 1953 deed. Therefore after the passage of a few years and at a time when she was well beyond the age of three score and ten, it was not strange that she would execute a deed giving a larger interest in the property to her oldest son and thereby prefer him over her other children with whom she had not had as much contact. The time and manner of execution of the deed in question do not appear suspicious or unusual to us. Plaintiff's allegation that the deed was secured by fraud on the part of the defendant was not established by satisfactory and convincing evidence as required in this class of case. Roddy v. Roddy, Okl., 288 P.2d 1117.

■ The case of Schatz v. Wintersteen, 201 Okl. 660, 208 P.2d 1136, 1139, is similar in some respects to the present case. In speaking there of the parent-child relationship and undue influence, we said:

"The fact that the relationship of father and son existed between the parties is not in itself sufficient to raise the presumption of fraud and undue influence. It is only when in addition thereto a confidential relationship is shown to exist between them that the presumption arises and casts the burden upon the party claiming the benefits of the transaction to prove the same to be fair and free from fraud. Flowers v. Flowers, supra; Weitz v. Moulden, supra. (109 Okl. 119, 234 P. 583)

"In the case of Lillie v. Lyon, Ex'r., 195 Okl. 597, 159 P.2d 542, 543, this court said:

"'The mere existence of confidential relation between testator and beneficiaries under his will does not raise a presumption that the beneficiaries have exercised undue influence over the testator and does not cast upon the beneficiaries the burden of proof upon the issue of undue influence.'

"We have also held that power and opportunity to exert undue influence is not in itself sufficient to raise the presumption that such influence has been exerted. Sporn v. Herndon, 190 Okl. 149, 121 P.2d 602; Canfield v. Canfield, 167 Okl. 590, 31 P.2d 152."

■ The plaintiff urges that a confidential relationship is shown by the evidence in this case. We do not believe that such relationship is established. In defining a confidential relation, this Court held in Hamburg v. Doak, 207 Okl. 517, 251 P.2d 510:

"A confidential relation arises by reason of kinship between parties or profession, business or social relations that would reasonably lead an ordinary prudent person in management of his business affairs to repose that degree of confidence in the defendant, largely resulting in substitution of the will of the defendant for that of the plaintiff in material matters involved in the transaction."

There is no evidence in this case showing a confidential relationship or a substitution of the will of the defendant for that of the plaintiff. As stated above there was evi-

dence that plaintiff had time to consider whether she would execute the deed. After several days she signed it and asked that it be properly acknowledged. The notary testified that the plaintiff came to her office, looked over the deed and stated that that was what she wanted to do. The notary then took the acknowledgment of plaintiff to the deed here in controversy.

Concerning plaintiff's claim that there was no consideration for the deed although it recited the sum of $10 and other good and valuable consideration, it should be pointed out that this Court has held that love and affection are a valid consideration for a deed. Higgins v. Pipkin, supra; Shaw v. Shaw, Okl., 282 P.2d 748. There was also evidence of an oral agreement by defendant to move into his mother's home to care for her, which agreement he performed for nearly two years until she moved away from the property to live with another son. Our court has recognized in the cases of Weitz v. Moulden, 109 Okl. 119, 234 P. 583, and Bush v. Bush, 142 Okl. 152, 286 P. 322, that the promise of support of the grantor by the grantee may furnish a sufficient consideration for a deed.

In defendant's cross-petition he prayed that title to the real estate be quieted in him as against plaintiff "subject only to the life estate of said plaintiff in and to said real estate for her life." Defendant's evidence showed that the parties orally agreed that plaintiff retained her life estate and that plaintiff was receiving her "third of the rent" as payment due to the life tenant under such an arrangement. Since the trial court's judgment does not mention this interest which plaintiff has in the property, we believe that the judgment should be modified to show plaintiff's interest.

We hold that the judgment of the trial court, which denied plaintiff's prayer that the 1957 deed should be cancelled, was not against the weight of the evidence and should be affirmed. But the judgment is modified as stated above to show that defendant's title is quieted as against the plaintiff subject to plaintiff's life estate in the property.

The judgment is therefore affirmed as modified.