Ben H. ELLIS and Louann Ellis, Plaintiffs in Error,

v.

Texas Ellis POTTER, Defendant in Error. No. 41944.

Court of Appeals of Oklahoma Division No. 2.

March 23, 1969.

Rehearing Denied May 13, 1969.

**94**

Palmer & Cannon, Oklahoma City, for plaintiffs in error.

Shutler, Shutler, Baker & Simpson, Kingfisher, for defendant in error.

WILSON, Presiding Judge.

In the trial court Ben H. Ellis joined by his wife brought this action against his mother, Texas Ellis Potter, to quiet title to a quarter section of land. Plaintiffs rely on a warranty deed dated July 6, 1961, from the mother joined by her husband to the son and his wife. The defendant sought cancellation of the deed.

The evidence showed that at the time of the transaction the mother was approximately 69 years of age, was suffering from physical and mental ailments, had only a fourth grade education but could read and write, and she had a natural repose and weakness of a mother towards her youngest son, Ben. That Ben and his wife were approximately 31 years of age, the owners of other farms and had good earning capacities and that from about August, 1960, were leasing the farm from the mother on a crop rental basis.

There was uncertainty in the evidence as to when, where, and how the deed was executed and delivered. It was prepared by an attorney at the request of the son. The Notary Public whose name appeared on the acknowledgment remembered nothing about it. The mother claimed her son brought a blank piece of paper to her home in Oklahoma City and told her to sign it and she signed the paper thinking it might be a contract of rental of the place. The son testified he left the deed with his wife where she worked in Guthrie and the wife testified that she thought it was signed there by the mother but she didn't actually see the deed signed.

The trial court in findings of fact and conclusions of law determined that considering, "The age and education of the grantor, her physical and mental condition, the general family history and relationship, the extent of her property, the natural objects of her bounty, the absence of opportunity for independent advice, the adequacy of the consideration for the deed, the relationship between the mother and son, his age and business ability, the absence of written evidence of a vendor's lien and the circumstances concerning the execution of the deed", it was a case where the burden shifted to the grantee to go forward with proof showing complete good faith in the transaction and the absence of fraud or undue influence used to obtain the deed. The trial court found that the plaintiffs failed in such burden and therefore the evidence was sufficient to warrant cancellation of the deed.

The rule relied on by the trial court was stated in the syllabus of Montgomery v. Willbanks (1947) 198 Okl. 684, 181 P.2d 240:

"Fraud and undue influence will not be presumed, but ordinarily must be proven by clear, cogent and convincing testimony. However, where fraud and undue influence are alleged and facts sufficient to show inadequacy of considera-

tion and a confidential relationship are proven, the one occupying such a position of confidence will be required to go forward and make a full and complete disclosure showing absolute good faith and that there was no fraud or undue influence practiced in a transaction between the parties."

Plaintiffs in their appeal assert that the rule is not applicable in that the evidence indicated that relationship between Ben and his mother was not a confidential relationship or of trust, but rather showed that the relationship was not good.

■ A confidential relationship does not necessarily arise by the mere fact of the relation of parent and child. Treece v. Treece (1961) Okl., 366 P.2d 625. Whether a confidential relationship exists between a parent and child is a question of fact.

■ Our examination of the entire record would convince us that the relationship between the mother and son was strained. He refused to see her for long intervals and his words and actions towards her were sometimes indiscreet. On the other hand he was the youngest son and the mother had turned the farm over to him as a sharecrop tenant. We conclude that the trial court's finding that a confidential relationship existed between them as to the farm was not against the weight of the evidence.

■ It is our opinion that the trial court correctly applied the shifting burden of proof rule and that its decision that the evidence was sufficient to warrant cancellation of the deed is supported by the record.

Plaintiffs contend the trial court erred in admitting evidence of the defendant over their objection as to the value of the farm at the time of the transaction asserting that such evidence was outside the issues of the pleading and a surprise to them that they did not have time to prepare rebuttal evidence.

■ In an equity case tried to the court the question of admitting or rejecting evidence is one trusted largely to the sound discretion of the trial court. LaDoux v. Bohn (1966) Okl., 420 P.2d 501. We find no error in admitting evidence as to value of the property involved, where cancellation of the deed was sought for fraud, misrepresentation and undue influence. Webb v. Burnam (1925) 111 Okl. 248, 239 P. 653.

■ Plaintiffs further contend the trial court erred by exceeding its authority in rendering a judgment not asked for by either party and not justified by the evidence.

The trial courts found the evidence sufficient to warrant cancellation of the deed, but that cancellation was not necessarily required. Then in lieu of cancellation entered judgment confirming plaintiffs' title but giving the mother a vendor's lien for the true value of the farm less certain credits to the plaintiffs for the amount of the mortgage and payments which had been made by plaintiffs to the mother.

Plaintiffs argue that the trial court by its judgment made a contract for the parties not their own.

In 13 Am.Jur.2d "Cancellation of Instruments" § 4, it is stated:

"A person coming into a court of equity or a court exercising equity powers for the purpose of obtaining cancellation of an instrument cannot demand cancellation as a matter of right; the rule is well established that relief by way of cancellation is a matter within the sound discretion of the court and is granted or withheld by it according to what is reasonable and proper under the circumstances of each particular case. * * *".

In Lackey v. Quigley (1937) 181 Okl. 492, 74 P.2d 927, our Supreme Court held that when equity once attaches in a proper proceeding it will administer complete relief on all issues properly raised by the

evidence, regardless of whether they were specifically raised by the pleadings.

27 Am.Jur.2d "Equity" § 103, states:

"The power of equity is said to be co-extensive with the right to relief; it is as broad as equity and justice require. In the administration of remedies, an equity court is not bound by the strict or rigid rules of the common law; on the contrary, the court adapts its relief and molds its decrees to satisfy the requirements of the case and to protect and conserve the equities of the parties litigant. The court has such plenary power, since its purpose is the accomplishment of justice amid all of the vicissitudes and intricacies of life. It is said that equity has always preserved the elements of flexibility and expansiveness so that new remedies may be invented or old ones modified in order to meet the requirements of every case and to satisfy the needs of a progressive social condition. In other words, the plastic remedies of equity are molded to the needs of justice and are employed to protect the equities of all parties, and the flexibility of equitable jurisdiction permits innovations in remedies to meet all varieties of circumstances which may arise in any case. Moreover, the fact that there is no precedent for the precise relief sought is of no consequence. * * *".

Here the trial court faced with the facts of an aged and infirmed grantor, the mortgage on the property, the prior record of limited rental income from the farm, as well as some equities in favor of the grantees, concluded that cancellation of the deed could not achieve justice between the parties. The trial court though finding the evidence warranted cancellation under its discretionary authority withheld cancellation, but then under its duty to administer complete relief to the parties as it found them, molded the judgment to meet the needs of justice. We find no error in the trial court's solution to the problems found to exist.

Equity looking beyond the mere form to the substance can decree such relief as appears just and best calculated to protect the rights of the parties under the situation presented. Foster v. Hoff (1913) 37 Okl. 144, 131 P. 531.

The judgment of the trial court is

Affirmed.

FERRIS and LANDERS, JJ., concur.